**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Mae Robinson, ) | No. CV-09-0541-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Heritage Elementary School, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

This case arises on the Court's periodic review of this file. Because Plaintiff's efforts to serve the corporate Defendant and the individual Robinson Defendants were defective under either the federal or State procedural rules, the Court will *sua sponte* quash Plaintiff's ineffective service on Defendants and will extend by 60 days from the date of entry of this Order for Plaintiff to either (1) properly serve all three Defendants in accordance with applicable law, or (2) obtain and file waivers of service as Fed.R.Civ.P. 4(d) allows. *Fishman v. AIG Ins. Co.*, 2007 WL 4248867, *3 (D.Ariz. 2007). Failure to properly and timely serve Defendants or to properly and timely file waivers will result in dismissal of this action.

### **BACKGROUND**

On March 17, 2009, *pro se* Plaintiff Donna Mae Robinson ("Plaintiff") filed this Title VII action against Defendant Heritage Elementary School ("the School") and

1  individual Defendants Aaron Robinson and Paulette Robinson, alleging wrongful
2  termination, retaliation and discrimination based on Plaintiff's religious beliefs in her
3  employment with the School as a First Grade Teacher. (docket # 1 at 4) The Complaint
4  reveals Plaintiff resides in Peoria,[1] Arizona and the School is allegedly located at 6622 N.
5  134th Drive, Glendale, Arizona. (*Id*.) Neither the Complaint nor the Certificates of Service
6  reveal where Defendants Aaron Robinson and Paulette Robinson reside.  (docket ## 8,9)
7  The Complaint does not specifically indicate who employed Plaintiff at the School.

8         On March 23, 2009,  Plaintiff expressly consented in writing to magistrate-
9  judge jurisdiction pursuant to 28 U.S.C. § 636 (c). (docket # 4)  Shortly thereafter, the Court
10 found Plaintiff was financially able to pay the filing fee and denied her Motion to Proceed
11 In Forma Pauperis. (docket # 5)  That order also instructed Plaintiff (1) "that unless [a]
12 Defendant waives service of process per Rule 4(d)(1), Plaintiff shall have [such] Defendant
13 served with process (Summons and Complaint) within four (4) months of March 17, 2009
14 pursuant to Rule 4(m), FED.R.CIV.P.," and (2) "[a] plaintiff's *pro se* status and ignorance
15 of the relevant rules of service do not excuse a plaintiff's failure to effect proper service of
16 process or failure to abide by the rules of the court in which he litigates." (*Id*. at 2) (internal
17 quotation marks and citations omitted)

18        The file reflects on April 23, 2009, Plaintiff filed two "Returns of Service,"
19 identified on the docket as Certificates of Service, indicating, at best, Plaintiff served the
20 School and the Robinson Defendants on April 21, 2009 by "other" means, i.e., by "certified
21 mail." (docket ## 8 at 2, 9 at 2)  Upon review of each Receipt, it appears that Plaintiff mailed
22 a copy of the Summons and Complaint[2] to Aaron Robinson and "Mrs. P. Robinson" to the

---

[1] The Complaint actually indicates Plaintiff lives in "Teoria," Arizona. This is an obvious typographical error as there is no city or town named Teoria in Arizona. (docket # 1 at 3)

[2] Neither Receipt nor Return of Service indicates what was actually mailed to the Robinson Defendants except document 8 states: "certified mail enclosed w/ Aaron Robinson's letter." (docket ## 8 at 2)

School's purported address at 6622 N. 134th Drive, Glendale, Arizona, 85307. Nothing in the Court's file indicates Plaintiff attempted to serve Defendant Heritage Elementary School, a non-profit Arizona corporation,[3] other than the mailing to Aaron Robinson.

## SERVICE OF PROCESS

"Service of process is the *mechanism* by which the court [actually] acquires" the power to enforce a judgment against the defendant's person or property. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (quoting *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc*., 366 F.3d 767, 771 (9th Cir. 2004) (emphasis in original). "In other words, service of process is the means by which a court asserts its jurisdiction over the person. Id. (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

**A. Federal Rules of Civil Procedure**

A plaintiff must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint. Rule 4(m), FED.R.CIV.P. Rule 4 also contains detailed provisions on the manner in which service should occur. A plaintiff may also utilize the service of process rules that apply in the state in which the federal district court is located or, if service is effected in another state, the rules of that state. Rule 4(e)(1),

---

[3] According to the Arizona Corporation Commission website, Defendant Heritage Elementary School is a non-profit Arizona corporation in good standing with Warren & Banker, PLC, 4300 N. Miller Rd, #141, Scottsdale, Az, 85251, as its statutory agent. (www.cc.state.az.us/default.asp, click on Corporate Records, enter Heritage Elementary School)  This website further informs that Defendants Aaron Robinson and Paulette Robinson are the corporation's President and Secretary, respectively. Significantly, the Defendants Robinson reside or may be found at a Glendale, Arizona address different than the Peoria address where Plaintiff mailed the Summons and Complaint. (*Id.*)  A district court may properly take judicial notice of public records filed with the Arizona Corporation Commission because such filings are "not subject to reasonable dispute." Fed.R.Evid. 201(b); *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (district court may take judicial notice of matters of public record.).

FED.R.CIV.P.[4] Therefore, service of process will be upheld if it conforms to either federal or Arizona's service of process rules.

Under Rule 4, FED.R.CIV.P., a corporate or business entity may be served by delivering a copy of the summons and complaint to: 1) an officer, 2) a managing or general agent, or 3) any other agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(h)(1).[5] "When serving a corporation, Rule 4(h) requires personal

---

[4] Rule 4(e), FED.R.CIV.P., provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) *following state law for serving a summons* in an action brought in courts of general jurisdiction in the state *where the district court is located* or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e), FED.R.CIV.P. (emphasis added).

[5] Rule 4(h), FED.R.CIV.P., provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

service on someone at the corporation, and service by mail to a general corporate address is not sufficient." *Belle v. Chase Home Finance LLC*, 2007 WL 1518341, at *3 (S.D.Cal. 2007) (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (service on corporation was ineffective "because the summons and complaint were mailed and not personally served on anyone during the limitations period.")). In the present case, Plaintiff purportedly mailed a copy of the Summons and Complaint to Aaron Robinson, President of the School, and "Mrs. P. Robinson," Secretary of the School, to the School's "general corporate address." Clearly, this is insufficient to properly effect service on either the School or the Robinson Defendants under Rule 4(h)(1), FED.R.CIV.P.

**B. Arizona Rules of Civil Procedure**

As previously mentioned, service of process is sufficient if it conforms either to the applicable federal or state rule for service of process. Rule 4(e)(1), FED.R.CIV.P. Thus, to determine whether Defendants were properly served in this case under Arizona's service of process rules, the Court will look to the Arizona Rules of Civil Procedure.

Service upon a corporation under Arizona Rule 4.1(k), Az.R.Civ.P., is remarkably similar to Fed.R.Civ.P. 4(h)(1), and states as follows:

> Service upon a domestic or foreign corporation . . . from which a waiver has not been obtained and filed, shall be effected *by delivering* a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the party on whose behalf the agent accepted or received service.

Rule 4.1(k), Az.R.Civ.P. (emphasis added) Arizona's Rules of Civil Procedure, therefore, require "delivering" a copy of the summons and complaint to a defendant and do not authorize service by mail on an in-state Arizona corporation. Only "[w]hen the whereabouts

---

> appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

- 5 -

1  of a party *outside the state* is known" do Arizona's Rules allow service by mail, Rule 4.2(c),[6]
2  Az.R.Civ.P. (emphasis added), or by leave of the court upon a showing that "reasonable
3  efforts . . . to assure that actual notice" of the lawsuit was given to a defendant. Rule 4.1(m),
4  Az.R.Civ.P.

5        Similarly, service upon an individual defendant residing in Arizona is governed
6  by Rule 4.1(d),[7] Az.R.Civ.P., which requires "delivering a copy of the summons and

---

[6] Rule 4.2(c), Az.R.Civ.P., provides:

> Rule 4.2(c). Service by Mail; Return
> When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt. Service by mail pursuant to this subpart and the return thereof may be made by the party procuring service or by that party's attorney. Upon return through the post office of the signed receipt, the serving party shall file an affidavit with the court stating (1) that the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender. This affidavit shall be prima facie evidence of personal service of the summons and the pleading and service shall be deemed complete and time shall begin to run for the purposes of Rule 4.2(m) of these Rules from the date of receipt by the party being served, provided that no default may be had on such service until such an affidavit has been filed.

Rule 4.2(c), Az.R.Civ.P.

      Even if a Defendant resides outside the state, Plaintiff did not properly serve that Defendant under Arizona law because she did not file an affidavit setting forth the requirements itemized in Rule 4.2(c), Az.R.Civ.P., and attaching the postal receipt signed by that Defendant. *Postal Instant Press, Inc. v. Corral Restaurants, Inc.*, 925 P.2d 260 (Ariz. 1996) (court lacked jurisdiction over corporation served by mail where no acknowledgment of receipt of service under oath was returned and filed), *supplemented on reconsideration*, 930 P.2d 1001 (Ariz. 1997).

[7] Rule 4.1(d),Az.R.Civ.P., states:

- 6 -

1  [complaint] to that individual personally," leaving copies "at that individual's dwelling
2  house . . . with some person of suitable age and discretion then residing therein," or by
3  delivering copies to the individual's authorized agent "to receive service of process." Rules
4  4.1(d) and 4.1(a), Az.R.Civ.P. ("All process may be served anywhere within the territorial
5  limits of the state."). Thus, Plaintiff's attempted service by mail on the School and
6  Defendants Robinson was also ineffective under the Arizona Rules of Civil Procedure.

7  Concluding that Plaintiff's attempted service was ineffective as a matter of law
8  under both the Federal and Arizona Rules of Civil Procedure,

9  **IT IS ORDERED** that Plaintiff's ineffective service on Defendants is hereby
10 **QUASHED**.

11 **IT IS FURTHER ORDERED** that Plaintiff shall have **sixty (60) days** from
12 the date of the entry of this Order to either (1) properly serve all three Defendants in
13 accordance with applicable federal or Arizona law, or (2) obtain and file waivers of service
14 as Fed.R.Civ.P. 4(d) allows. Absent good cause shown, Plaintiff's failure to properly serve
15 all Defendants within this deadline shall result in the dismissal of this case or dismissal of
16 any unserved Defendant.

17 DATED this 2nd day of June, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge

---

23 (d) Service of Summons Upon Individuals. Service upon an individual from
24 whom a waiver has not been obtained and filed, other than those specified in
   paragraphs (e), (f) and (g) of this Rule 4.1, shall be effected by delivering a
25 copy of the summons and of the pleading to that individual personally or by
   leaving copies thereof at that individual's dwelling house or usual place of
26 abode with some person of suitable age and discretion then residing therein or
   by delivering a copy of the summons and of the pleading to an agent
27 authorized by appointment or by law to receive service of process.

- 7 -