**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Donna Mae Robinson,<br><br>Plaintiff,<br><br>vs.<br><br>Heritage Elementary School,<br><br>Defendant. | No. CV-09-0541-PHX-LOA<br><br>**ORDER** |

This case arises on the Court's review of Plaintiff's timely lodged Second Amended Complaint and attached exhibits. (docket # 44) As discussed below, the Court will grant Plaintiff leave to amend and will deny Defendant's Motion to Dismiss as moot.

Plaintiff, a non-lawyer elementary school teacher, represented herself from the initial filing of her *pro se* Complaint until Defendant Heritage Elementary School, through counsel, filed its Motion to Dismiss when Plaintiff realized on or about November 25, 2009 that she needed to "take steps to retain counsel. . . who will preside over this case." (docket # 32) Plaintiff promptly thereafter engaged counsel from the Phoenix law firm, Gomez & Petitti, P.C., who appeared on her behalf and timely responded to the extended deadline to Defendant's dispositive Motion. (docket ## 34, 35) Within her January 8, 2010 Response, Plaintiff's new counsel also requested leave to amend the *pro se* Amended Complaint, 15 days after the amendment deadline expired. (docket # 35 at 8-9)

Federal Rule of Civil Procedure 16(b)(4) provides that a Rule 16 scheduling

order "may be modified *only* for good cause and with the judge's consent." Rule 16(b)(4), FED.R.CIV.P. (emphasis added). Consistent with Rule 16, at the September 28, 2009 scheduling conference and in its Rule 16 scheduling order, the Court informed *pro se* Plaintiff and defense counsel that the Rule 16 deadlines are firm and the Court intended to enforce the deadlines set forth in the scheduling order, citing, among other cases, *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("[F]ederal Rule of Civil Procedure 16 is to be taken seriously. . . ."). (docket # 25 at 2)

As discussed in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), "the Rule 16 good cause standard primarily considers the diligence of the party seeking amendment." *Doe ex rel. Doe v. State of Hawaii Dept. of Educ.*, 351 F.Supp.2d 998, 1009 (D.Hawaii, 2004); *Hazelwood v. United States*, 2006 WL 1599344, * 7 (D.Ariz. 2006) ("Plaintiff has presented no evidence she was diligent in seeking to amend her complaint. Finding no good cause to modify the Scheduling Order, Plaintiff's Motion to Amend is untimely and will be denied."); *Robert Half Intern. Inc. v. Murray*, 2008 WL 2610793, * 5 (E.D.Cal. 2008) ("The diligence of the party seeking the extension is an important factor."). Additionally, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting the Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).

The Court finds that good cause exists to allow the filing of the Second Amended Complaint even though the scheduling order's December 24, 2009 deadline has passed for filing a motion to amend pleadings. (docket # 25 at 3) The Court also finds that Plaintiff exercised due diligence to find counsel to represent her when she finally realized she needed representation and her new counsel promptly sought leave to amend the *pro se* Amended Complaint. Further, the interests of justice, the absence of prejudice to Defendant, the fact there is no trial date, and discovery does not end until August 20, 2010 dictate that Plaintiff be permitted to file a Second Amended Complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (consideration of prejudice to the opposing party "carries the greatest weight."); *Reliance Ins. Co. v. Louisiana Land and Exploration*

- 2 -

*Co.*, 110 F.3d 253, 257-258 (5th Cir. 1997) (identifying factors for district courts to consider in determining whether good cause exists to modify scheduling order). There will not, however, be any further amendments to Plaintiff's pleadings.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for leave to amend the Amended Complaint, docket # 35 at 8-9, is **GRANTED**. Pursuant to LRCiv 15.1, as amended on December 1, 2009, Plaintiff "must file and serve [the Second Amended Complaint, lodged as docket # 44] on all parties under Rule 5 of the Federal Rules of Civil Procedure **within fourteen (14) days** of the filing of the order granting leave to amend . . . ." LRCiv 15.1. (emphasis added).

**IT IS ORDERED** that Defendant's Motions to Dismiss, docket # 29, is **DENIED** as moot.

DATED this 31st day of January, 2010.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge