**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Mae Robinson,<br><br>  Plaintiff,<br><br>vs.<br><br>Heritage Elementary School,<br><br>  Defendant. | No. CV-09-0541-PHX-LOA<br><br>**ORDER** |

On February 16, 2010, Defendant Heritage Elementary School filed its second Motion to Dismiss in this case, seeking dismissal of Plaintiff's Second Amended Complaint. (docket # 48) Plaintiff Donna Mae Robinson ("Plaintiff") responded, docket # 54, opposing dismissal to which Defendant replied, docket # 57. Plaintiff also requests the Court take judicial notice of certain facts contained within EEOC's right-to-sue Notices to which Defendant objects. (docket ## 55-56) Because the briefing is adequate and oral argument would not aid the Court, the Court will deny Plaintiff's request for oral argument. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

After considering the briefing on the issues, the Court will sustain the School's objection to the date of "December 8, 2008" which is not the date the EEOC's right-to-sue Notices were issued; will overrule Defendant's other objections to Plaintiff's request for judicial notice; and will deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint on the merits.

# BACKGROUND

The Heritage Elementary School (the "School"), a nonprofit Arizona corporation, is an Arizona charter school that serves students from kindergarten through eighth grade. Plaintiff, a school teacher, was hired in the summer of 2007 to work as a first grade teacher at the School located in Glendale, Arizona. Plaintiff, a non-lawyer, filed this Title VII action against the School and two individuals,[1] alleging, or attempting to allege, claims of wrongful discriminatory termination, retaliation and a hostile work environment in her employment based on Plaintiff's religious beliefs. (docket # 1) Prior to filing suit, Plaintiff filed separate "charges"[2] with the Arizona Attorney General's Office and the Equal Employment Opportunity Commission ("EEOC") on November 26, 2007 (religious discrimination) and on January 11, 2008 (retaliation), alleging that the School violated Title VII in connection with her employment. (Exhs 1 and 3, docket # 29)

After exhausting her administrative remedies, the EEOC issued Plaintiff two Notices of Right to Sue on December 30, 2008. (Exh 2, docket # 29; docket # 1 attached to original Complaint; docket # 55, Exh 1) As is customary, each Notice provided: "[Y]our lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost . . . ." (*Id.*) On March 17, 2009, Plaintiff timely filed her initial Complaint, docket # 1, and prior to the School's appearance in this action, an Amended Complaint on June 19, 2009. (docket # 11) The parties disagree what claims *pro se* Plaintiff alleged, or attempted to allege, in the Complaint and Amended Complaint.

---

[1] Plaintiff abandoned her claims against these individual defendants with the filing of her Amended Complaint and Second Amended Complaint.

[2] Plaintiff used the singular word "charge" in her original Complaint but Defendant does not dispute that Plaintiff filed two separate charges with the Arizona Attorney General's Office and EEOC: Charge No. 35A-2008-00134 (religious discrimination, filed on November 26, 2007) and Charge No. 35A-2008-00251 (retaliation, filed on January 11, 2008). (Exhibits ("Exhs") 1-3, docket # 29; docket # 1 attached to original Complaint) Counsel are reminded that "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers[.]' " *Estelle v. Gamble*, 429 U. S. 97, 106 (1976); Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.")

When the School filed its initial dismissal motion on November 2, 2009, Plaintiff realized she needed legal representation. (docket # 32) Plaintiff promptly retained counsel who appeared on her behalf and timely responded to the extended deadline to respond to Defendant's dispositive motion. (docket ## 34, 35) In Plaintiff's January 8, 2010 Response to Defendant's Motion to Dismiss, Plaintiff's counsel requested leave to amend the *pro se* Amended Complaint, although the amendment deadline had expired two weeks earlier. (docket # 35 at 8-9) On February 1, 2010, the Court found that Plaintiff demonstrated good cause and granted Plaintiff's request for leave to amend the *pro se* Amended Complaint. (docket # 45) The Second Amended Complaint was timely filed and the Court denied as moot the School's initial Motion to Dismiss solely because it was directed to the *pro se* Amended Complaint, docket # 11.[3] (*Id.* at 3)

Pursuant to Fed.R.Civ.P. 12(b)(6), the School moves to dismiss Plaintiff's Second Amended Complaint on two grounds: (1) the Second Amended Complaint attempts to state claims that are allegedly barred by the 90-day statute of limitations because they were lodged 393 days after the EEOC issued its Notices of Right to Sue and Plaintiff's new allegations do not relate back to the original Complaint; and (2) Plaintiff's allegations fail to state *prima facie* claims for religious discrimination and punitive damage claims. (docket # 48 at 2)

Relying upon *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008), the School contends that Plaintiff's original *pro se* Complaint and Amended Complaint alleged only "general and vague conclusions, recitations of legal theories without sufficient fact allegations to support them. The core of material facts is lacking in the original

---

[3] Because the Court denied Defendant's initial Motion to Dismiss, docket # 29, solely because it was directed to the *pro se* Amended Complaint which was replaced by the lawyer-prepared Second Amended Complaint, docket # 46, Defendant's second Motion to Dismiss, docket # 48, is not, as Plaintiff contends, "a thinly veiled attempt to urge a Motion for Reconsideration." (docket # 54 at 3) Contrary to Plaintiff's argument, the Court has not "already considered and ruled on Defendant's relation back argument and its claim that it would be futile to permit Plaintiff to amend the Complaint." (*Id.* at 6)

Complaint, consequently, her Second Amended Complaint [prepared and filed by her attorney] does not relate back. See Fed.R.Civ.P. 15(c)." (*Id.* at 4) Identifying eight specific allegations in the *pro se* Complaint, the School argues "[t]he original Complaint attempted to set forth only a retaliation claim – no factual allegations are included regarding any claim of discrimination . . . The retaliation claim raised in the Complaint was insufficiently pled because Plaintiff's conclusory statements lacked sufficient fact allegations." (*Id.* at 7)  The School argues that because the "timely filed" *pro se* Complaint and Amended Complaint "contain[] no core of material facts related to either retaliation or discrimination on which Plaintiff can relate back[,]" the Second Amended Complaint does not relate back to March 17, 2009, the original filing date, and is barred by the 90-day limitation period. (*Id.*)

Conversely, Plaintiff claims that her "original *pro se* Complaint set[s] forth sufficient facts to provide Defendant with fair notice of her claims (i.e., religious and retaliation discrimination) and the grounds upon which they rest. Her Second Amended Complaint is related to the timely claims of religious and retaliation discrimination contained in the *pro se* Complaint." (docket # 54 at 4)  Despite Plaintiff's use of the singular word "charge" in her *pro se* Complaint, docket # 1 at 4, Plaintiff's counsel points out that "the *pro se* Complaint includes a heading titled: '**Religious Discrimination**' and another heading titled: '**Statement of Claims**.' [docket # 1 at 2, 4] (emphasis in original)  Plaintiff undoubtedly attempted to set out more than one claim (i.e., Statement of Claims) in the Complaint, including a religious discrimination claim." (*Id.*) (internal single quotation marks added).

Plaintiff's counsel also argues that "Plaintiff's Second Amended Complaint does not include a new legal theory depending on different facts.  Plaintiff's Second Amended Complaint includes additional facts relating to the religious discrimination and retaliation claims that arose out of the incidents set out in her *pro se* Complaint, or, at a very minimum, that Plaintiff 'attempted to . . . set out' in the *pro se* Complaint." (*Id.* at 5) Plaintiff's counsel cites Fed.R.Civ.P. 15(c)(1)(B) and *Sanders v. City of Phoenix*, 2008 WL 5001624, * 4 (D. Ariz. 2008) (holding that Rule 15(c)'s relation back principle applied to

Plaintiff's amended Complaint because "Plaintiff's original pleading did *attempt* to set forth" a race discrimination claim, especially when the facts were reviewed in the "light most favorable to Plaintiff, and keeping in mind that she was pro se at the time") (emphasis in original). (*Id.*)

In her Response, Plaintiff's counsel requests the Court "take judicial notice that the EEOC mailed Defendant copies of both right to sue notices prior to Plaintiff's *pro se* Complaint based on the official EEOC records attached to the Second Amended Complaint." (*Id.* at 6) Filed contemporaneously with her Response was Plaintiff's Request for Judicial Notice, docket # 55, which proffered that:

> 1. On **December 8, 2008**, the federal Equal Employment Opportunity Commission mailed copies to Defendant of its Notices of Right to Sue relating to both Plaintiff's retaliation (Charge No. 35A-2008-00251) and religious discrimination (Charge No. 35A-2008-00134) charges, copies of which are attached hereto as Exhibit 1.

(docket # 55 at 1) (emphasis added).

The School objects to Plaintiff's Request for Judicial Notice because Plaintiff requests "notice of (a) inaccurate information; (b) matter that is not proper for judicial notice; and (c) [the] documents [are] proffered for an irrelevant purpose." (docket # 56 at 1) The School points out that the date of "December 8, 2008" is incorrect because "[t]he two Notices of Right to Sue do not reflect anywhere a date of December 8, 2008 . . . each Notice attached to the Request is dated 'DEC 30 2008.'" (*Id.*) The Court concurs with the School that the two EEOC right-to-sue Notices do not reflect an issuance date of December 8, 2008. Plaintiff's right-to-sue the School commenced on December 30, 2008. (Exh 2, docket # 29; docket # 1 attached to original Complaint; docket # 55, Exh 1)

Although the Court will sustain the School's objection to the erroneous date of December 8, 2008, it will overrule the School's other objections and will take judicial notice of the two EEOC Notices because the parties have previously filed these Notices in this case and they are a part of the record: Charge No. 35A-2008-00134 (religious discrimination) was filed on November 26, 2007, docket # 29, Exh 2; and Plaintiff filed the

Notice for Charge No. 35A-2008-00251 (retaliation) on January 11, 2008, docket # 1 attached to original Complaint. It is an "established rule" that a "federal district court can take judicial notice of its own records[.]" *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967); *Taylor v. Critelli*, 2010 WL 597129, * 4 (E.D.Cal. 2010). Additionally, a district court may take judicial notice of matters of public record. *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008) (district court "may take judicial notice of matters of public record" and consider them without converting a Rule 12 motion into one for summary judgment[,]" (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)); Fed.R.Evid. 201(b) (defining the scope of judicial notice); *Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n. 2 (9th Cir. 1969) (taking judicial notice of EEOC proceedings). Here, the authenticity of the EEOC charges and the respective right-to-sue Notices are not contested, are relevant to the issue of fair notice of the two charges to, and against, the School, and such charges and the right-to-sue Notices are matters of public record. Therefore, this Court takes judicial notice of the two EEOC charges and the two right-to-sue Notices.

## **MOTIONS TO DISMISS**

On a motion to dismiss, a district court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984); *Cruz v. Beto*, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009). A claim has "facial plausibility" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949). Dismissal is appropriate, however, where a plaintiff fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.

1990).

In general, a district court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). "[A]mple authority exists," however, "which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss." *In re Am. Continental Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996) (collecting cases), *rev'd on other grounds by Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

## **TITLE VII'S STATUTE OF LIMITATIONS**

A Title VII claimant is authorized to file suit only if the claimant has filed a timely charge with the EEOC or appropriate state agency and obtained a right-to-sue-letter. 42 U.S.C. §§ 2000e-5(e), (f); *Sommatino v. United States*, 255 F.3d 704, 708-09 (9th Cir. 2001). Such a suit must be commenced not more than ninety days after receipt of the right-to-sue-letter. 42 U.S.C. § 2000e-5(f)(1); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days '[of] the date EEOC dismisses a claim,' then the action is time-barred.") (citation omitted)).

Federal Rule of Civil Procedure 15(c)(1)(B)[4], however, allows a Title VII plaintiff to amend her timely-filed complaint to add a claim when that claim "arose out of the

---

[4] Federal Rule of Civil Procedure 15(c) provides in relevant part:

(c) Relation Back of Amendments.
    (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
        (A) the law that provides the applicable statute of limitations allows relation back; [or]
        (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--*or attempted to be set out*--in the original pleading; or . . . .

Rule 15(c), Fed.R.Civ.P. (emphasis added)

- 7 -

conduct, transaction, or occurrence set out - *or attempted to be set out* - in the original pleading." *Sanders*, 2008 WL 5001624, * 2 (emphasis added) (citing Fed.R.Civ.P. 15(c)(1)(B) and *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir. 1989) (holding that an amended complaint alleging violations of federal anti-discrimination law related back to the filing date of the plaintiff's original complaint, which alleged violations of a state anti-discrimination statute based upon the same facts and conduct). In *Williams*, the Ninth Circuit instructs that "[c]laims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim." 517 F.3d at 1133 (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325-26 (9th Cir. 1989) (finding that amended complaint related back where amended complaint added new theory of recovery based on facts alleged in original complaint) and citing *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988)). "When faced with this issue, the *Martell* court explained that a 'district court should [ ] analyze[ ] the two pleadings to determine whether they share a common core of operative facts sufficient to impart fair notice of the . . . conduct called into question.'" *Sanders*, 2008 WL 5001624, * 2 (also quoting *Martell*, 872 F.2d at 327). "A new claim can be linked to a timely pleading when it will likely be proved by the same kind of evidence offered in support of the original pleadings." *Id.* (internal quotation marks omitted) (citing *Dominguez v. Miller*, 51 F.3d 1502, 1510 (9th Cir. 1995)).

## DISCUSSION

After careful analysis of the two *pro se* pleadings and the Second Amended Complaint, the Court finds that Plaintiff's religious discrimination and retaliation claims relate back to Plaintiff's original Complaint and should not be dismissed for failure to comply with the ninety-day limitations period. Plaintiff's Complaint alleges under "**NATURE OF THE ACTION**" heading that she was "wrongfully terminated [and] retaliated against . . . due to her religious beliefs and practices." (docket # 1 at 1) (emphasis in original) Under the heading "**RELIGIOUS DISCRIMINATION**," Plaintiff further alleges, among others, for example:

- 8 -

> 1. Defendants attempted to force Plaintiff to participate in training activities on Holiday Days and failed to provide a reasonable religious accommodation that would have allowed the Plaintiff to practice her religion. (*Id*. at 2)
>
> 2. Defendants refused to reasonably accommodate Plaintiff's sincerely held religious practices and refused to allow Plaintiff to engage in religious expression. (*Id*.)
>
> 3. Defendants unlawfully retaliated against Plaintiff, by firing her, for opposing employment practices that discriminated based on religion. (*Id*.)

Viewed in the light most favorable to Plaintiff, and keeping in mind that she was *pro se* at the time, Plaintiff's allegations in her original Complaint, while mostly conclusory in nature, did attempt to set forth Title VII religion-based discrimination and retaliation claims against the School. These allegations are entirely consistent with the narratives and two boxes Plaintiff checked on the Charge-Of-Discrimination forms, indicating that the discrimination that Plaintiff allegedly experienced at the School was based on her religion and in retaliation for her having filed a discrimination charge with the Civil Rights Division of the Arizona Attorney General's Office. (Exh. 1 and 3; docket # 29) *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1123 (8th Cir. 2006) ("The information contained in an EEOC charge must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court.")

Similarly, Plaintiff's *pro se* Amended Complaint, filed on June 19, 2009, confirmed that Plaintiff was attempting to allege claims of "**RELIGIOUS AND RETAILIATION (sic) DISCRIMINATION**," repeated numerous conclusory allegations, and alleged her filing of two separate charges of "religious and retaliation (sic) with the Arizona Attorney General's Office, Civil Rights Division." (docket # 11 at 2)

On February 1, 2010, Plaintiff's counsel filed a Second Amended Complaint. (docket # 46) The Second Amended Complaint alleges a "**FIRST CLAIM FOR RELIEF (Religious Discrimination)**," a "**SECOND CLAIM FOR RELIEF (Retaliation Discrimination)**," provides further clarity and additional factual allegations and content to

establish a "facial plausibility [for] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id*. at 6-7) (emphasis in original); *Moss v. U.S. Secret Service*, 572 F.3d at 969 (quoting *Iqbal*, 129 S.Ct. at 1949). Moreover, after comparing and analyzing the two *pro se* pleadings with the Second Amended Complaint, the Court concludes they all "share a common core of operative facts sufficient to impart fair notice of the . . . conduct called into question." *Martell*, 872 F.2d at 327. Although no new claims are alleged in the Second Amended Complaint, Plaintiff's claims of religious and retaliatory discrimination[5] "will likely be proved by the 'same kind of evidence' offered [or, at least, partially set forth] in support of the original pleadings." *Dominguez*, 51 F.3d at 1510; *Jones v. Greenspan*, 445 F.Supp.2d 53, 56-57 (D.D.C. 2006). Proper application of Rule 15(c)(1)(B), FED.R.CIV.P., allows Plaintiff's religious and retaliatory discrimination claims to relate back to March 17, 2009 because they "[arise] out of the conduct . . . set out - *or attempted to be set out* - in the original pleading[s]." Fed.R.Civ.P. 15(c)(1)(B) (emphasis added).

Lastly, the School argues that Plaintiff's claim for punitive damages alleged in the Second Amended Complaint contain "insufficient facts alleged to support any basis for punitive damages[]" and because Plaintiff failed "to state a timely claim for punitive damages in her Original Complaint[,] [t]he Second Amended Complaint is untimely and does not relate back." (docket # 48 at 11) Conversely, Plaintiff contends that "Plaintiff's Second Amended Complaint sets forth ample allegations to support her punitive damages claim. Plaintiff's religious discrimination and retaliation claims require her to prove intentional discrimination. . . Plaintiff's allegations show a reckless indifference by Defendant to her federally protected rights, including subjecting her to different terms and conditions of employment because she exercised her religious rights and also opposed its discriminatory

---

[5] Because Plaintiff's Response does not argue that the Second Amended Complaint alleges, or attempts to allege, a claim for religious-based hostile work environment, the Court informs the parties that Plaintiff is precluded from pursuing this claim at this juncture in the case.

conduct." (docket # 54 at 10-11)

The School acknowledges that "[p]unitive damages are available . . . where the employer is found to have 'engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" (*Id.*) (quoting 42 U.S.C. § 1981a(b)(1). "Punitive damages are appropriate only where an employer has engaged in intentional discrimination with 'malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" (*Id.*) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 538-39 (1999)).

Plaintiff's initial Complaint requested the district court "[o]rder Defendants to pay [Plaintiff] punitive damages for their malicious and reckless conduct, in amount to be determined at trial." (docket # 1 at 6) The Amended Complaint reiterated Plaintiff's request for punitive damages. (docket # 11 at 6) Thus, the Second Amended Complaint's punitive damages request is not a new damages request and is one about which the School had notice since the beginning of this lawsuit. Because the Court has concluded that Rule 15(c)(1)(B), FED.R.CIV.P., allows Plaintiff's religious and retaliatory discrimination claims to relate back to the initial Complaint and because a district court must accept the well-pled allegations in the Second Amended Complaint as true, *Iqbal,* 129 S.Ct. at 1949, the Court will deny the School's request to dismiss Plaintiff's punitive damages claim.

Accordingly,

**IT IS ORDERED** that Defendant Heritage Elementary School's Motion to Dismiss, docket # 48, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for oral argument, docket # 54 at 1, is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Judicial Notice, docket # 55, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant Heritage Elementary School's Objection to Plaintiff's Request for Judicial Notice, docket # 56, is **SUSTAINED** to the erroneous date of "December 8, 2008" as the date Plaintiff was authorized to file this lawsuit.

1 | All other objections are overruled.

2 | DATED this 14th day of April, 2010.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge